# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>MAURICE L. WATSON,<br><br>                Defendant. | 8:10CR49<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on remand from the Eighth Circuit Court of Appeals (Filing No. 67).

## FACTUAL BACKGROUND

The Defendant, Maurice L. Watson, pleaded guilty to Count I of the Indictment charging him with, from approximately May 19, 2009, through February 18, 2010, conspiring to distribute and possess with intent to distribute 5 grams or more of a mixture or substance containing cocaine base. Before sentencing, Watson filed a motion to withdraw his guilty plea that the Court denied. Watson was held accountable for 13.5 grams of crack cocaine and placed in base offense level 24. His total offense level was 21, his criminal history category was III, and his sentencing guideline range was 60 months due to the statutory minimum. Absent the statutory minimum, his guideline range would have been 46-57 months. Watson was sentenced to 60 months imprisonment and 4 years supervised release.

Watson filed a direct appeal. In affirming the sentence, the Eighth Circuit Court of Appeals followed then current Eighth Circuit law and concluded that under *United States v. Sidney*, 648 F.3d 904, 910 (8th Cir. 2011) the Fair Sentencing Act ("FSA") was

not retroactive. Watson then filed a petition for a writ of certiorari, which was granted. While Watson's petition for certiorari was pending, the Supreme Court decided *Dorsey v. United States*, 132 S. Ct. 2321 (2012). In *Dorsey*, the Supreme Court determined that the FSA was retroactive in cases such as Watson's in which the criminal conduct occurred before but the defendant was sentenced after August 3, 2010, the effective date of the FSA. *Id.* at 2331. Therefore, the Supreme Court vacated Watson's Judgment and remanded his case to the Eighth Circuit for consideration in light of *Dorsey*. The Eighth Circuit then vacated its prior opinion and remanded the case to this Court for further proceedings consistent with the Supreme Court's opinion. The Court allowed the parties to file a stipulation or brief their positions.

## DISCUSSION

**The Probation Office's Worksheet**

The probation office prepared a worksheet recommending a 30-month reduction in sentence, based on a base offense level of 20, a total offense level of 17, criminal history category III, and a sentencing guideline range of 30-37 months.

**The Defendant's Position**

The Defendant requests a resentencing hearing[1] at which Watson would request sentence of time served and 3 years supervised release. Watson also requests that the Court clarify that his sentence now falls under 21 U.S.C. § 841(b)(1)(C) rather than 21U.S.C. § 841(b)(1)(B) and that his felony is now a Class C, rather than a Class B, felony.

---

[1] Watson argues that because his case was remanded under the FSA, as opposed to 18 U.S.C. § 3582(c)(2), he is entitled to another sentencing hearing.

2

**The Government's Position**

The government's position is that because Watson's case was on direct appeal he is entitled to have his sentence vacated and a "de novo resentencing" at which he could argue for a sentence outside the guideline range. The government states it would be entitled to oppose a sentence outside the range.

**The Court's Decision**

Considering the record and the parties' arguments, the Court declines to have a new sentencing hearing. Rather, the Court will sentence under the advisory sentencing guidelines within the guideline range and impose a sentence of 30 months imprisonment and 3 years supervised release. The sentence will be imposed in a separate order that will also clarify the application of 21 U.S.C. § 841(b)(1)(C) and the status of Watson's charge as a Class C felony.

Dated this 10th day of September, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge